1  **Meir J. Westreich [CSB 73133]**
   **Attorney at Law**
2  **221 East Walnut, Suite 200**
   **Pasadena, California 91101**
3  **626.676.3585**
   **meirjw@aol.com**
4

5  **Attorney for Plaintiff s**

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  EDWARD HELDMAN III;              ) Case  No.
       COMEDYMX, INC., a             )
12     Nevada Corporation; and       ) COMPLAINT FOR BREACH OF
       COMEDYMX, LLC, a              ) CONTRACT AND COVENANT OF
13     Delaware Limited              ) GOOD FAITH AND FAIR DEALING;
       Liability Company,            ) BREACH OF FIDUCIARY DUTY;
14                                   ) NEGLIGENCE - MALPRACTICE;
                       Plaintiffs,   ) FRAUD
15                                   )
                                     )
16  v.                               ) JURY DEMANDED
                                     )
17  LARRY ZERNER,                    )
                                     )
18                     Defendant.    )

19                         **INTRODUCTION**

20         This is a diversity action stated in Breach of Contract and Covenant of Good

21  Faith and Fair Dealing; Breach of Fiduciary Duty; Negligence - Malpractice; Fraud.

22  Plaintiff is seeking money damages against Defendant attorney, in connection with

23  a legal representation in an intellectual property case, in which Defendant failed to

24  accurately inform and/or materially mislead Plaintiffs in connection with a settlement

25  agreement; intentionally or negligently failed to competently and accurately draft the

26  settlement documents; and refused to comply with Plaintiffs' client directives in

27  connection therewith.  As a direct consequence, Plaintiffs were compelled to incur

28  substantial additional legal fees and expenses with other legal counsel, and suffered

                         COMPLAINT FOR DAMAGES

1   substantial business losses as well.   Plaintiffs have been damaged in excess of

2   $75,000.

3       Accordingly, Plaintiffs allege for their Complaint:

4           **COMMON JURISDICTIONAL AND PARTY ALLEGATIONS**

5       1. This is a diversity action at law to redress claims of Breach of Contract and

6   Covenant of Good Faith and Fair Dealing; Breach of Fiduciary Duty; Negligence -

7   Malpractice; Fraud by Defendant Lary Zerner.

8       2. The jurisdiction of this Court is invoked under 28 U.S.C. §1332, this being

9   an action between Arizona, Nevada and Delaware Plaintiffs and a California

10  Defendant.  The amount in controversy is in excess of $75,000, exclusive of interest

11  and costs.

12      3.  Venue is properly located in the Central District of California because the

13  claims in controversy were largely consummated in the Central District of California.

14      4. Plaintiffs are Edward Heldman III, who is domiciled in the State of Arizona;

15  Comedymx, Inc., which is incorporated in Nevada; and Comedymx, LLC, which is

16  formed in Delaware.  The companies also do business in New Jersey and Arizona.

17      5. Defendants is Larry Zerner, who is domiciled in the State of California,

18  where he is licensed as an attorney and practices law.

19      6. The agreements mentioned herein, which form the basis of the contract and

20  related claims, were formed in and under the laws of the State of California.

21          **ALLEGATIONS RE CLAIMS AND LIABILITY**

22      7.  At all relevant times herein, Defendant has acted as agent of and for

23  Plaintiffs; and hence Defendant held fiduciary duties and obligations in favor of

24  Plaintiffs in connection with the subject matter thereof.

25      8.  At all relevant times herein, the Plaintiffs and Defendant were in an

26  attorney-client relationship.

27

28

1       9.  Plaintiffs are in the business of video publishing and distribution, owns

2 hundreds of registered copyrights, and distributes their work mainly on YouTube and

3 other platforms like Amazon.

4       10.  On October 9, 2015 Plaintiffs commenced a federal legal action entitled

5 *ComedyMX, Inc. v. St. Clair*, United States District Court, Central District of

6 California Case No. CV-16-03249 AGR ["Underlying Action"], over an intellectual

7 property dispute and claims alleging *inter alia* copyright infringement by Bruce St.

8 Clair, Joshua Dane St. Clair and the Cartoon Channel ["St. Clair Parties"] who

9 eventually cross-claimed against all Plaintiffs herein.

10       11.  Specifically, the Underlying Action alleged that the St Clair Parties stole

11 three of Plaintiffs' copyrighted videos, put them into a massive compilation, and

12 competed directly with Plaintiffs, stealing their revenue and making money on their

13 property.

14       12.  On August 25, 2016, Plaintiff ComedyMX, Inc. retained Defendant to

15 substitute in and represent them in the Underlying Action.

16       13.  In December 2016, the parties in the Underlying Action attended a

17 mediation which reached substantial agreement, but did not achieve a settlement. An

18 essential demand for Plaintiffs herein was prompt dismissal of the Underlying Action;

19 a demand of the St. Clair Parties involved securing approvals of third parties. These

20 demands appeared incompatible.

21       14.  Plaintiffs are informed and believe, and based thereon allege, that in

22 January 2017, Defendant inquired of Google [in discussions re discovery subpoenas],

23 whether as part of a settlement process [the previously unsuccessful mediation], the

24 St. Clair Parties could remove a disputed video, modify it to remove copyright

25 offending material, then post the new one while then keeping their viewcount and

26 other stats.

27       15.  Plaintiffs are informed and believe, and based thereon allege, that on

28 January 25, 2017, Google confirmed that the St. Clair Parties could do so, with no

1    indication of whether Google would acquiesce if it was a point of conflict between

2    the litigating parties, as the issue did not then arise because Google was told that

3    counsel in the Underlying Action were in agreement.

4         16.   Plaintiffs are informed and believe, and based thereon allege, that on

5    January 25, 2017, Defendant informed counsel for the St. Clair Parties in the

6    Underlying Action, Stephen Doniger ["Doniger"], of his exchange with Google,

7    including "keeping the stats and view count," sharing the e-mail chain, and asking

8    whether, with this, his clients still willing to settle on the terms discussed during the

9    mediation.

10        17.   Plaintiffs are informed and believe, and based thereon allege, that on

11   January 27, 2017,  Google called Doniger to "walk him through the process" and

12   Defendant arranged a tele-conference for February 2, 2017, involving himself,

13   Google,  Doniger and a representative of the St. Clair Parties; but not including any

14   of the Plaintiffs herein, who receive no notice of its occurrence, from Defendant or

15   otherwise ["Secret Tele-Conference"].

16        18.   Plaintiffs are informed and believe, and based thereon allege, that in the

17   Secret Tele-conference, an oral ancillary agreement was reached that the action would

18   not be dismissed unless and until the St. Clair Parties obtained certain required

19   performance from Google, which was not a party to the Settlement Agreement or the

20   Underlying Action, and from which there was no binding commitment of any kind.

21   ["Oral Ancillary Agreement"].

22        19.   Plaintiffs would not have agreed to the Oral Ancillary Agreement, or any

23   Settlement Agreement containing its terms; and Defendant was fully aware of this at

24   all relevant times.

25        20.   On February 23, 2017, Plaintiffs herein executed the Settlement

26   Agreement drafted by Doniger and Defendant ["Settlement Agreement"].  It did not

27   include any of the aforementioned assurances in the Oral Ancillary Agreement; and

28   Plaintiffs were still ignorant of those assurances and of the Oral Ancillary Agreement,

1  and even its existence and the occurrence of the Secret Tele-Conference.  Had

2  Plaintiffs known of the Oral Ancillary Agreement or the Secret Tele-Conference, they

3  would not have signed the Settlement Agreement;  and Defendant was fully aware of

4  this at all relevant times.

5       21.   On March 1, 2017, the St. Clair Parties executed the Settlement

6  Agreement.

7       22.  The Settlement Agreement provided as follows:

8            a.      Standard Terms.  The Settlement Agreement contains an

9  integration clause, i.e. it is the "entire agreement and understanding" that "supersedes

10  and replaces all prior negotiations, agreements, and proposed agreements;"  no

11  "promise, representation, or warranty" has been made to "induce" the agreement and

12  no party "executed this Agreement in reliance on any promise, representation, or

13  warranty not contained herein." The Settlement Agreement also provides that

14  California law governs and  that it "cannot be modified or changed except by written

15  instrument signed by each of the Parties."

16            b.      Operational Terms.  The Settlement Agreement provides

17  operational terms – the considerations therefor – as follows:

18                 "1.1.  Dismissal. Within five days of the date of this Agreement

19  and St. Clair posting a compilation video that removes *Daffy and the Dinosaur*, the

20  Parties, through their attorneys or record, shall file a stipulation for dismissal with

21  prejudice.

22                 "1.2.  Fees and Costs.  . . . .

23                 "1.3.  Daffy Cartoon.  St. Clair agrees to remove the offending

24  version of *Daffy and the Dinosaur* from the Compilation. If St. Clair posts a different

25  version of *Daffy and the Dinosaur* ["a Different Version"] on YouTube or any other

26  internet site, St. Clair will have to retain evidence that the Different Version is not,

27  in fact, the offending version. St. Clair will share this evidence with ComedyMX at

28  ComedyMX's request."

1      c.      The Settlement Agreement also provided that it is made and

2  entered into effective as of January 26, 2017.  Plaintiffs, ignorant of the Oral

3  Ancillary Agreement and Secret Tele-Conference, did not know the significance of

4  the date.

5      23.  The Settlement Agreement discussed the posting of a "Different Version"

6  as a mere possibility on YouTube or other internet site ["if" clause]; it said  nothing

7  about "keeping view counts or other stats" with the posting of a Different Version;

8  provided no explanation for an effective date of January 26, 2017, *i.e.* before it was

9  drafted on January 27, 2017 or signed on February 23, 2017, by Plaintiffs, and/or on

10  March 1, 2017, by the St. Clair Parties.

11      24.  Discussions of an intended posting of a Different Version while "keeping

12  view counts or other stats" [January 2017 and January 25, 2017 - February 2, 2017]

13  were confined to Defendant, Doniger, Google and the St. Clair Defendants, *i.e.* not

14  including Plaintiffs herein, who at all relevant times remained ignorant thereof.

15      25.  Plaintiffs are informed and believe, and based thereon allege, that on April

16  14, 2017, the removal of *Daffy and the Dinosaur* and posting of a Different Version

17  occurred with the St. Clair Parties informing Google that their "views and positions

18  in searching results from my original video could be transferred to the amended

19  version."

20      26.  Plaintiffs were then notified by the St. Clair Parties of the new posting on

21  April 14, 2017.  Hence, pursuant to the Settlement Agreement, dismissal of the action

22  was then required by April 19, 2017.

23      27.  Plaintiffs are informed and believe, and based thereon allege, that on May

24  3, 2017, however, Defendant wrote to Google, citing its performance as the "last

25  piece to get the case settled and dismissed."  Plaintiffs were not then informed of this

26  e-mail.

27      28.  Plaintiffs are informed and believe, and based thereon allege, that on May

28  17, 2017,  Doniger wrote to Google, citing its performance as being necessary, *i.e.*

COMPLAINT FOR DAMAGES

6

1  "get the prior stats reinstated to the amended video" and that it is the "only thing

2  holding up completion of the settlement."   Plaintiffs were not then informed of this

3  e-mail.

4      29.  On May 25, 2017, Defendant and Doniger filed a "Notice of Conditional

5  Settlement" stating that:

6           "Pursuant to the terms of the conditional settlement, Defendants will

7           post a modified [sic] to YouTube [Google] which removes one of the

8           videos which allegedly infringed Plaintiff's copyright. The parties are

9           currently awaiting a response from YouTube allowing Defendants to

10          post the modified video. The parties will file a dismissal upon receiving

11          notice from YouTube approving the modified video."

12     30.  The Notice of Settlement, which was concurrently reviewed by Plaintiffs,

13  says nothing about "keep[ing the St. Clair Parties' view counts or other stats" or

14  getting "[the St. Clair Parties'] prior stats reinstated" in connection with the posting

15  of the amended video.

16     31.  Commencing on a date no later than April 19, 2017, Plaintiffs repeatedly

17  instructed Defendant to press, by all available legal means, for immediate dismissal

18  of the Underlying Action.  Defendant did not do so.

19     32.  Plaintiffs are informed and believe, and based thereon allege, that finally,

20  on July 10, 2017, Defendant suggested to Doniger that counsel dismiss first the

21  Underlying Action, and followup with Google later, which did not happen.

22  Defendant still refused to act to compel the dismissal, despite instructions from

23  Plaintiffs to do so.

24     33.  On July 21, 2017, Plaintiffs retained new counsel to enforce the dismissal

25  clause of the Settlement Agreement, who then demanded that Doniger execute the

26  dismissal, given the posting of the April 14, 2019 Compilation.

27

28

1        34.  When Doniger cited the Oral Ancillary Agreement, new counsel thereafter

2   contended that Defendant had no authority to bind Plaintiffs as to any settlement

3   provisions other than those expressly stated in the Settlement Agreement.

4        35.  Plaintiffs are informed and believe, and based thereon allege, that on July

5   24, 2017, Doniger responded that they "need our clients' stats from before his video

6   was taken down to be reinstated as we were told they would be" and "that is the only

7   reason he [St. Clair] agreed to enter into the settlement."

8        36.  Plaintiffs are informed and believe, and based thereon allege, that on July

9   25, 2017, Google confirmed the posting of the St. Clair Parties' "video replacement,

10  which preserves the views and other metadata of the original video" and commenced

11  implementation on August 7, 2017.

12       37.  On August 9, 2017, with still no dismissal of the Underlying Action,

13  Plaintiffs – via their new counsel – rescinded the Settlement Agreement based on

14  breach thereof by the failure to dismiss the Underlying Action, and repudiated the

15  new video with its "preserve[d] view [count]s and other metadata of the original

16  video" by posting a new DMCA takedown of the April 14, 2017 Compilation,

17  compelling its takedown.

18       38.  Plaintiffs are informed and believe, and based thereon allege, that on

19  August 10, 2017, Google informed the St. Clair Parties that it is ready to complete the

20  video swap.

21       39.  On August 11, 2017,  Google confirmed compliance with the new DMCA

22  takedown notice.

23       40.  Thereafter, the St. Clair Parties and Doniger demanded removal of the new

24  DMCA takedown notice.  When Plaintiffs failed to do so, the St. Clair Parties and

25  Doniger moved for enforcement of what they called the Settlement Agreement, but

26  actually were seeking enforcement of the Oral Ancillary Agreement.

27       41.  On September 21, 2018, the Court ruled that the failure to timely dismiss

28  the action was not adequate grounds to rescind the Settlement Agreement or relieve

1  Plaintiffs of the obligations thereunder or – implicitly – under the Oral Ancillary

2  Agreement; and ruled that Defendant had legal authority to bind his clients to the

3  additional terms that the St. Clair Parties' performance was conditioned on their

4  succeeding in not only posting a new video, but also obtaining from Google its view

5  counts and other metadata of the original video.

6      42. On September 21, 2018, the Court ordered Plaintiffs to remove its DMCA

7  takedown notice from the April 14, 2017 Compilation, and to then file a Notice of

8  Compliance within 14 days of the order, at which time the Underlying Action would

9  be dismissed with prejudice.

10     43.  Over the next year, Plaintiffs were forced to retain and pay multiple

11  counsel to resist the latter order and undo the legal mess created by Defendant, until

12  finally the action was dismissed on September 3, 2019, pursuant to a newly drafted

13  Settlement Agreement ["Final Settlement Agreement"] containing terms acceptable

14  to Plaintiffs. The additional legal fees incurred because of Defendant's misconduct

15  – acts and omissions – exceed $275,000, *i.e.* beyond the approximately $29,000

16  Plaintiffs paid to Defendant.

17     44.   During the period when the Underlying Action should have been

18  dismissed, on April 19, 2017, and its final dismissal on September 3, 2019, Plaintiffs

19  incurred substantial business losses caused by Defendant's misconduct – acts and

20  omissions – which exceed an estimated $400,000, which loss figure will be calculated

21  according to proof, including by an appropriate expert.

22     45.   Under the Retainer Agreement signed by the parties herein and the

23  covenant of good faith and fair dealing implied therein, under California ethical rules

24  governing the conduct of licensed attorneys with their clients, and under duties of an

25  agent and fiduciary, Defendant was expressly obliged to: (a) keep the promisee,

26  client, principal and beneficiary, *i.e.* Plaintiffs, fully informed of all material matters

27  affecting any settlement process, agreement and/or implementation; and (b) respect

28

1    the ultimate decision-making authority of – and comply with the lawful directives of

2    – the promisee, client, principal and beneficiary, *i.e.* Plaintiffs.

3           46.  At all relevant times under this Complaint, Plaintiffs and each of them

4    were the promisee, client, principal, and beneficiary of Defendant; and Defendant was

5    the promisor, attorney, principal and fiduciary of Plaintiffs and each of them.

6           47.  Plaintiffs and each of them have/has at all times complied with Client

7    duties and obligations under the Retainer Agreement, and performed all promises

8    made by them; have/has been ready, willing and able to complete performance

9    thereunder; and/or has clearly and explicitly manifested this to Defendant.

10          48. In connection with settlement matters in the Underlying Action, Defendant

11   has materially breached the material terms of the contract between Plaintiffs and

12   Defendant, and Plaintiffs were damaged [contract] thereby.

13          49. In connection with the contract between Plaintiffs and Defendant, there is

14   a covenant of good faith and fair dealing, implied by law.

15          50.  Said covenants include that the Defendant would keep Plaintiffs fully

16   informed re all material matters in connection with the representation; would deal

17   honestly and in good faith with and for Plaintiffs; would afford Plaintiffs with the

18   loyalty to clients required of all attorneys; and would respect the clients' rights and

19   authority in connection with their substantial interests.

20          51. In connection with settlement matters in the Underlying Action, Defendant

21   repeatedly and materially breached these covenants, to the substantial damage

22   [contract and tort] to Plaintiffs.

23          52.  An attorney is an agent to the client-principal, and as an agent is a

24   fiduciary with the attendant duties of a fiduciary, including duties of loyalty and

25   honesty, and the duty to disclose to the client-principal all matters which a similarly

26   situated reasonable person would desire to know in the conduct of his affairs.

27

28

53. In connection with settlement matters in the Underlying Action, Defendant repeatedly and materially breached these fiduciary duties, to the substantial damage [contract and tort] to Plaintiffs.

54. As an attorney, Defendant had a duty of care in the conduct of the legal representation and handling of the legal affairs of his clients.

55. In connection with settlement matters in the Underlying Action, Defendant's conduct, by his acts and omissions, has been negligent, *i.e.* it has fallen below the standard of care for attorneys in such matters and constitutes attorney malpractice.

56. In connection with settlement matters in the Underlying Action, Defendant's representations to Plaintiffs in and concerning the Retainer Agreement, and his duties and obligations thereunder, were at all times knowingly and/or intentionally false, with the intent and effect of defrauding Plaintiffs.

57. Plaintiffs reasonably relied upon the promises and representations of Defendant, to Plaintiffs' substantial detriment; and Plaintiffs' reliance upon the promises and representations of Defendant was reasonable under the totality of the circumstances then known to Plaintiffs, and Plaintiffs were damaged [tort] thereby.

58. Plaintiff has also incurred substantial consequential damages arising from the aforementioned breaches of duties and torts, in an amount according to proof.

59. Defendant has acted with malice and in breach of fiduciary duties to Plaintiffs, and hence Plaintiffs are entitled to treble and/or punitive damages from Defendant.

## ALLEGATION RE DAMAGES

60. As a consequence of the statements, acts and/or omissions of the Defendant, in respect to each claim, Plaintiffs have incurred monetary damages as above described, as well as other consequential damages caused by the acts and omissions of said Defendant, in an amount to be proved at trial.

1    61. Plaintiffs have incurred, and continue to incur, substantial emotional

2  distress from the fraudulent and other tortious conduct of Defendant, proximately

3  caused by the acts and omissions of said Defendant, in an amount to be proved at

4  trial.

5    62. Defendant, in engaging in the aforementioned fraudulent and other tortious

6  conduct, acted with malice.  Plaintiffs are entitled to recover treble and/or punitive

7  damages from Defendant, in an amount to be proved at trial.

8    63.  The Retainer Agreement between Plaintiffs and Defendant provides for

9  prevailing party contract attorney fees, and hence Plaintiffs are entitled to recover

10  their reasonable attorney fees incurred herein.

11                                 **PRAYER**

12    **WHEREFORE,** Plaintiffs seek judgment against Defendant for:

13    1.  Special and actual damages, according to proof;

14    2.  Consequential damages, according to proof;

15    3.  Compensatory damages, according to proof;

16    4.  Contract attorney fees, according to proof;

17    5.  Punitive and/or treble damages, according to proof;

18    6.  For such further relief as the Court may deem necessary and proper.

19
   Dated: September 21, 2019              Respectfully submitted,
20
                                              s/ Meir J. Westreich
21
                                    _____
22                                  Meir J. Westreich
                                    Attorney for Plaintiffs
23
       Plaintiffs demand trial by jury.
24
   Dated: September 21, 2019
25
                                              s/ Meir J. Westreich
26
                                    _____
27                                  Meir J. Westreich
                                    Attorney for Plaintiffs
28