UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-8185-GW-PJWx | Date | March 30, 2020 |
|---|---|---|---|

| Title | *Edward Heldman, III, et al. v. Larry Zerner* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS - ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

On September 21, 2019, Plaintiffs Edward Heldman III; Comedymx, Inc.; and Comedymx, LLC sued Defendant Larry Zerner for: (1) breach of contract and the covenant of good faith and fair dealing, (2) breach of fiduciary duty, (3) negligence − malpractice, and (4) fraud. *See generally* Complaint, Docket No. 1. Plaintiffs filed a First Amended Complaint on September 27, 2019.[1] *See generally* First Amended Complaint ("FAC"), Docket No. 9. In the FAC, Plaintiffs assert that this Court has subject matter jurisdiction based on diversity of citizenship of the parties. *See* FAC ¶¶ 1-5.[2]

The Court has an obligation to ensure that subject matter jurisdiction exists before proceeding to the merits of any case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S.

---

[1] Both the original Complaint and the FAC contain the same paragraphs 4 and 5 which attempt to delineate diversity of citizenship as to the parties. Those paragraphs state:

> 4. Plaintiffs are Edward Heldman III, who is domiciled in the State of Arizona; Comedymx, Inc., which is incorporated in Nevada; and Comedymx, LLC, which isformed in Delaware. The companies also do business in New Jersey and Arizona.

> 5. Defendants is Larry Zerner, who is domiciled in the State of California, where he is licensed as an attorney and practices law.

*See* Docket No. 1 at 2; Docket No. 9 at 2.

[2] Defendants have moved to dismiss all claims in the FAC, *see* Docket No. 15, but did not mention subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-8185-GW-PJWx** | Date | March 30, 2020 |
|---|---|---|---|

| Title | ***Edward Heldman, III, et al. v. Larry Zerner*** | Page | 2 of 2 |
|---|---|---|---|

546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). For the purposes of determining diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* O'Connell & Stevenson, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* § 2:1372 (The Rutter Group 2016). A corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . .where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

Here, Plaintiffs merely allege that: (1) "Comedymx, Inc. . . . is incorporated in Nevada" and (2) Comedymx, LLC is "formed in Delaware" and "also do[es] business in New Jersey and Arizona." FAC ¶ 4. Thus, Plaintiffs have failed to fully allege the citizenship of Comedymx, Inc. (because they have not stated its principal place of business) and Comedymx, LLC (because they have not identified the LLC's members plus the citizenship of each member – and, if any member is itself an LLC, the identities of each of its members and their concomitant citizenship).

In light of the above, Court orders Plaintiff to file a response to this Order to Show Cause by 12:00 p.m. on April 6, 2020. The April 2, 2020 hearing date is taken off-calendar and the matter will stand submitted as of April 6, 2020.