**Meir J. Westreich [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Plaintiffs**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HELDMAN III; COMEDYMX, INC., a Nevada Corporation; and COMEDYMX, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>LARRY ZERNER,<br><br>Defendant. | Case No. 2:19-cv-08185-GW-PJW<br><br>PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE DIVERSITY JURISDICTION; DECLARATION OF EDWARD HELDMAN<br><br>Hearing: April 9, 2020<br>Time:    10:00 a.m. |

**I.**
**THE RULES GOVERNING EVALUATION OF DIVERSITY JURISDICTION INVOLVING ENTITY PLAINTIFFS**

"The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). The test for determining domicile as part of a diversity analysis is made at the point of the filing of the action. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Per this Court, for the purposes of determining diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (likening LLC to LP).

"A limited partnership or a corporation is a citizen of (1) the state under

whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.' 28 U.S.C. § 1332(c)(1). In this circuit, we apply two tests to determine the state of a corporation or partnership's principal place of business. First we apply the 'place of operations' test. Under that test, a corporation's principal place of business is the state containing' 'a substantial predominance of corporate operations.'" [Citation]. If no state contains a 'substantial predominance' of corporate operations, we apply the 'nerve center' test, which locates the corporation's principal place of business in the state where 'the majority of its executive and administrative functions are performed.' [Citation]."

*Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028-29 (9th Cir. 2009).

"The 'nerve center' test should be used only when no state contains a substantial predominance of the corporation's business activities. [Citation]. Thus, the Ninth Circuit applies the place of operations test unless the plaintiff shows that its activities do not substantially predominate in any one state."

*Tosco Corp. v. Communities for a Better Environ.*, 236 F.3d 495, 500 (9th Cir. 2001).

"We employ a number of factors to determine if a given state contains a substantial predominance of corporate activity, including: 'the location of employees, tangible property, production activities, sources of income, and where sales take place.' [Citation]. Substantial predominance does not require the majority of the corporation's operations to occur in a single state, but the corporation's activity in one state must be 'substantially larger' than the corporation's activity in any other state. [Citation]."

*Davis*, 557 F.3d at 1028-29.

"[D]etermining whether a corporation's business activity substantially predominates in a given state plainly requires a comparison of that

corporation's business activity in the state at issue to its business activity in other individual states. [Citation]. "Thus, 'substantial pre-dominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of corporation's business activity in one state be significantly larger than any other state in which the corporation conducts business.

"The Ninth Circuit employs a number of factors to determine if a given state contains a substantial predominance of corporate activity, including the location of employees, tangible property, production activities, sources of income, and where sales take place. [Citation]."

"*Tosco Corp.*, 236 F.3d at 500.

## II.
## FACTS ESTABLISHED BY PLAINTIFFS' SUPPORTING DECLARATION

Plaintiffs have shown the following facts regarding the Plaintiffs' corporate and LLC plaintiffs operations, by the following Declaration of Plaintiff Edward Heldman, all of which apply as of the date of filing this action and at all times since then.

**A.  CITIZENSHIP OF LLC OWNERS/MEMBERS**

Plaintiffs are Edward Heldman; Comedymx, Inc., a Nevada corporation ["Corporation"]; and Comedymx, LLC, a Delaware limited liability company ["LLC"].  Plaintiff Heldman is the sole owner/member of the LLC; is President and sole officer/director of the Corporation; and is domiciled and resides in Arizona.

**B.  PLACE OF OPERATIONS TEST FOR CORPORATION AND LLC**

The Company business address for both the Nevada Corporation and Delaware LLC is the former's corporate address at 123 West Nye Lane, Suite 129, Carson City, NV 89706, which is the address on the Company letterhead and is where mail is received, then forwarded to Plaintiff.  The Company is in the business of video publishing and distribution.  Most Company business is conducted on the internet.

A majority of the Company executive and administrative functions are performed directly by Plaintiff under his final management authority; and he handles all company production activities, sources of income, and sales initiated and consummated via internet activities. The remaining subordinate financial functions – a minority of the Company executive and administrative functions – are handled by a New Jersey accountant and CPA, acting under his supervision and final management authority. Plaintiffs' corporate and LLC finances are handled on a day-to-day basis by an accountant / CPA in New Jersey, who is a contract employee with the title of business manager, but id subject to oversight and final say of Plaintiff Heldman. There are also two independent contractors from New Jersey and Minnesota who provide technical assistance, also subject to supervision of Plaintiff Heldman.

None of the Company production, sales, financial, executive or administrative functions are performed in California, and no Company officer, director, shareholder, manager, owner/member, employee or contractor is located or operates in California.

## C. NERVE CENTER TEST FOR CORPORATION AND LLC

A majority of the corporate and LLC executive and administrative functions are performed by Plaintiff Heldman, except some financial functions by the New Jersey accountant, though still under the supervision and oversight of Plaintiff. The accountant / business manager, though handling accounting related activities, is not an officer, director or shareholder of the corporation, or a manager or owner/member of the LLC, and all management/executive decisions are made by Plaintiff Heldman.

## CONCLUSION

Plaintiffs respectfully urge this Court to dissolve its Order to Show Cause.

Dated: April 6, 2020                    Respectfully submitted,

                                        s/ Meir J. Westreich

                                        _____
                                        Meir J. Westreich
                                        Attorney for Plaintiffs

# DECLARATION OF EDWARD HELDMAN

1. I am a Plaintiff herein along with Plaintiff Comedymx, Inc., a Nevada corporation ["Corporation"], and Plaintiff Comedymx, LLC, a Delaware limited liability company ["LLC"] [collectively, though not formally connected, referred to herein as "Company"].

2. I am personally familiar with the operation of the Company and can testify by personal knowledge to each and all of the following, which in all respects is/are true from the date of filing of this action and at all times since then.

3. I am domiciled and reside in Arizona.

4. I am corporate President and sole director/officer of Plaintiff Nevada Corporation; and Manager and sole owner/member of Plaintiff Delaware LLC.

5. The Company business address for both the Nevada Corporation and Delaware LLC is the former's corporate address at 123 West Nye Lane, Suite 129, Carson City, NV 89706, which is the address on our Company letterhead and is where Company mail is received, then forwarded to me in Arizona.

6. The Company and I are in the business of video publishing and distribution. Most of our Company business is conducted on the internet.

7. A majority of the Company executive and administrative functions are performed directly by me under my final management authority. The remaining subordinate financial functions – a minority of the Company executive and administrative functions – are handled by a New Jersey accountant and CPA, acting under my supervision and final management authority.

8. The accountant / CPA, in New Jersey, is an independent contractor with the title of "business manager"[and is also a family member], and his position is a staff function subject to my management and supervisory oversight, *i.e.* he is not an LLC manager or owner/member; nor is he a corporate officer or shareholder. I have final authority on all financial matters, and all executive decisions are made by me.

9. Technical production and design assistance is also provided via an independent contractor from New Jersey, who provides art work; and via an independent contractor from Minnesota, who provides video work. They work under my supervision and guidance, and we usually exchange work via internet.

10. None of the Company production, sales, financial, executive or administrative functions are performed in California, and no Company officer, director, shareholder, manager, owner/member, employee or contractor is located or operates in California. The retention of California counsel was solely a function of necessary legal representation and/or action involving arms-length dealings with California defendants.

I declare under penalty of perjury under the laws of the State of Arizona that the above is true and correct. Executed on April 6, 2020, at Phoenix, Arizona.

                                            [Edward Heldman]
                                            [Original on File with Counsel]
                                            _____
                                            Edward Heldman