**LEWIS BRISBOIS BISGAARD & SMITH LLP**
KENNETH C. FELDMAN, SB# 130699
  E-Mail: Ken.Feldman@lewisbrisbois.com
LARISSA G. NEFULDA, SB# 201903
  E-Mail: Larissa.Nefulda@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, LARRY
ZERNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HELDMAN III; COMEDYMX, INC., a Nevada Corporation; and COMEDYMX, LLC, a Delaware Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> LARRY ZERNER, <br><br> Defendant. | CASE NO. 2:19-CV-08185 <br><br> **DEFENDANT LARRY ZERNER'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> The Hon. George H. Wu <br><br> Action Filed:  September 21, 2019 <br> Trial Date:  None Set |

Defendant LARRY ZERNER ("Defendant"), by and through his undersigned counsel, hereby files his Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiffs EDWARD HELDMAN III, COMEDYMX, INC., and COMEDYMX, LLC (collectively "Plaintiffs").

## INTRODUCTION

Answering the Introduction paragraph, Defendant denies the allegations contained therein and denies that Plaintiffs are entitled to the requested relief or any other relief.

## COMMON JURISDICTIONAL AND  PARTY ALLEGATIONS

1.    Answering paragraph 1 of the First Amended Complaint, Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

admits that Plaintiffs allege this is a diversity action.  On April 13, 2020, the Court granted Defendant's Motion to Dismiss with respect to all causes of action in the First Amended Complaint except Plaintiff's cause of action for Fraud and claim for punitive damages.  Thus, Defendant denies that Plaintiffs have viable causes of action for Breach of Contract and Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty and/or Negligence – Malpractice.  Defendant further denies any liability.

2.      Answering paragraph 2 of the First Amended Complaint, Defendant admits that Plaintiffs invoke the jurisdiction of this court under 28 U.S.C. § 1332.

3.      Answering paragraph 3 of the First Amended Complaint, the allegation that venue is proper is a legal conclusion, and therefore, Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in paragraph 3.

4.      Answering paragraph 4 of the First Amended Complaint, Defendant admits that Edward Heldman III, ComedyMX, Inc. and ComedyMX, LLC are plaintiffs in the present action.  Defendant has insufficient information to either admit or deny the remaining allegations and on those grounds, denies the allegations.

5.      Answering paragraph 5 of the First Amended Complaint, Defendant admits the allegations contained therein.

6.      Answering paragraph 6 of the First Amended Complaint, Defendant states that the allegations contained therein are not relevant based on the Court's April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent a response is required, Defendant denies the allegations contained in paragraph 7.

**ALLEGATIONS RE CLAIMS AND LIABILITY**

7.      Answering paragraph 7 of the First Amended Complaint, Defendant admits that he acted as an agent for Plaintiffs during his time as attorney for the Plaintiffs.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8.      Answering paragraph 8 of the First Amended Complaint, Defendant admits that he ceased representing Plaintiffs no later than July 17, 2017.

9.      Answering paragraph 9 of the First Amended Complaint, Defendant admits the allegations contained therein.

10.     Answering paragraph 10 of the First Amended Complaint, Defendant admits that only Plaintiff ComedyMX, Inc. commenced a federal legal action in *ComedyMX, Inc. v. St. Clair,* United States District Court, Central District of California Case No. CV-16-03249 AGR ("Underlying Action").  Defendant further admits that Plaintiffs were counter defendants in the Underlying Action.

11.     Answering paragraph 11 of the First Amended Complaint, Defendant admits the allegations contained therein.

12.     Answering paragraph 12 of the First Amended Complaint, Defendant admits the allegations contained therein.

13.     Answering paragraph 13 of the First Amended Complaint, Defendant admits that the parties in the Underlying Action attended a mediation which reached substantial agreement, but did not achieve a settlement.  Defendant denies the remaining allegations.

14.     Answering paragraph 14 of the First Amended Complaint, Defendant admits the allegations contained therein.  Defendant further admits that during all relevant times, Plaintiffs were aware of Defendant's communications with Google and the St. Clair parties' requirement that they be able to edit the compilation video but retain their viewer count rankings.

15.     Answering paragraph 15 of the First Amended Complaint, Defendant admits that on January 25, 2017, Google confirmed that the St. Clair Parties could do so in response to Defendant's inquiry whether as part of a settlement process, the St. Clair Parties could remove a disputed video, modify it to remove copyright offending material, then post the new one while then keeping their viewcount and other stats.  Defendant denies the remaining allegations contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-3857-4010.1                                    3
DEFENDANT LARRY ZERNER'S ANSWER TO FIRST AMENDED COMPLAINT

16.     Answering paragraph 16 of the First Amended Complaint, Defendant admits the allegations contained therein.

17.     Answering paragraph 17 of the First Amended Complaint, Defendant admits that on January 27, 2017, Google called Doniger and Defendant arranged a tele-conference for February 2, 2017 involving Defendant, Google, Doniger and a representative from the St. Clair Parties.  Defendant denies that Plaintiffs did not receive notice of this tele-conference or that it was a secret from Plaintiffs.

18.     Answering paragraph 18 of the First Amended Complaint, Defendant denies that there was an "oral ancillary agreement."  Defendant admits that during all relevant times, Plaintiffs were aware of Defendant's communications with Google and the St. Clair parties' requirement that they be able to edit the compilation video but retain their viewer count rankings.

19.     Answering paragraph 19 of the First Amended Complaint, Defendant denies the allegations contained therein.

20.     Answering paragraph 20 of the First Amended Complaint, Defendant denies the allegations contained therein.

21.     Answering paragraph 21 of the First Amended Complaint, Defendant admits the allegations contained therein.

22.     Answering paragraph 22 of the First Amended Complaint, Defendant states that the settlement agreement in the Underlying Action speaks for itself.

23.     Answering paragraph 23 of the First Amended Complaint, Defendant states that the settlement agreement in the Underlying Action speaks for itself.

24.     Answering paragraph 24 of the First Amended Complaint, Defendant denies the allegations contained therein.

25.     Answering paragraph 25 of the First Amended Complaint, Defendant has insufficient information to either admit or deny the allegations and on those grounds denies the allegations contained therein.

26.     Answering paragraph 26 of the First Amended Complaint, Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-3857-4010.1

4

DEFENDANT LARRY ZERNER'S ANSWER TO FIRST AMENDED COMPLAINT

1   the denies the allegations contained therein.

2      27.     Answering paragraph 27 of the First Amended Complaint, Defendant
3   denies the allegations contained therein.

4      28.     Answering paragraph 28 of the First Amended Complaint, Defendant
5   denies the allegations contained therein.

6      29.     Answering paragraph 29 of the First Amended Complaint, Defendant
7   states that the Notice of Conditional Settlement in the Underlying Action speaks of
8   the itself.

9      30.     Answering paragraph 30 of the First Amended Complaint, Defendant
10   states that the Notice of Conditional Settlement in the Underlying Action speaks of
11   the itself.

12      31.     Answering paragraph 31 of the First Amended Complaint, Defendant
13   denies the allegations contained therein.

14      32.     Answering paragraph 32 of the First Amended Complaint, Defendant
15   denies the allegations contained therein.

16      33.     Answering paragraph 33 of the First Amended Complaint, Defendant
17   has insufficient information to either admit or deny the allegations and on those
18   grounds denies the allegations contained therein.

19      34.     Answering paragraph 34 of the First Amended Complaint, Defendant
20   has insufficient information to either admit or deny the allegations and on those
21   grounds denies the allegations contained therein.

22      35.     Answering paragraph 35 of the First Amended Complaint, Defendant
23   has insufficient information to either admit or deny the allegations and on those
24   grounds denies the allegations contained therein

25      36.     Answering paragraph 36 of the First Amended Complaint, Defendant
26   has insufficient information to either admit or deny the allegations and on those
27   grounds denies the allegations contained therein.

28      37.     Answering paragraph 37 of the First Amended Complaint, Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-3857-4010.1                                          5
DEFENDANT LARRY ZERNER'S ANSWER TO FIRST AMENDED COMPLAINT

1  has insufficient information to either admit or deny the allegations and on those
2  grounds denies the allegations contained therein.

3       38.     Answering paragraph 38 of the First Amended Complaint, Defendant
4  has insufficient information to either admit or deny the allegations and on those
5  grounds denies the allegations contained therein.

6       39.     Answering paragraph 39 of the First Amended Complaint, Defendant
7  has insufficient information to either admit or deny the allegations and on those
8  grounds denies the allegations contained therein.

9       40.     Answering paragraph 40 of the First Amended Complaint, Defendant
10  denies there was an Oral Ancillary Agreement.  Defendant admits that the St. Clair
11  parties filed a Motion to Enforce the Settlement in the Underlying Action.

12       41.     Answering paragraph 41 of the First Amended Complaint, Defendant
13  states that the Underlying Court's September 21, 2018 Order speaks for itself.

14       42.     Answering paragraph 42 of the First Amended Complaint, Defendant
15  states that the Underlying Court's September 21, 2018 Order speaks for itself.

16       43.     Answering paragraph 43 of the First Amended Complaint, Defendant
17  denies the allegations contained therein.

18       44.     Answering paragraph 44 of the First Amended Complaint, Defendant
19  denies the allegations contained therein.

20       45.     Answering paragraph 45 of the First Amended Complaint, Defendant
21  states that the allegations contained therein are not relevant based on the Court's
22  April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent
23  a response is required, Defendant denies the allegations contained in paragraph 45.

24       46.     Answering paragraph 46 of the First Amended Complaint, Defendant
25  states that whether Plaintiffs were the promise, client, principal, and beneficiary of
26  Defendant and whether Defendant was the promisor, attorney, principal and
27  fiduciary of Plaintiffs is a legal conclusion, and therefore, Defendant is not required
28  to respond.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-3857-4010.1

6

DEFENDANT LARRY ZERNER'S ANSWER TO FIRST AMENDED COMPLAINT

47.     Answering paragraph 47 of the First Amended Complaint, Defendant denies the allegations contained therein.

48.     Answering paragraph 48 of the First Amended Complaint, Defendant states that the allegations contained therein are not relevant based on the Court's April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent a response is required, Defendant denies the allegations contained in paragraph 48.

49.     Answering paragraph 49 of the First Amended Complaint, Defendant states that the allegations contained therein are not relevant based on the Court's April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent a response is required, Defendant denies the allegations contained in paragraph 49.

50.      Answering paragraph 50 of the First Amended Complaint, Defendant states that the allegations contained therein are not relevant based on the Court's April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent a response is required, Defendant denies the allegations contained in paragraph 50.

51.     Answering paragraph 51 of the First Amended Complaint, Defendant states that the allegations contained therein are not relevant based on the Court's April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent a response is required, Defendant denies the allegations contained in paragraph 51.

52.     Answering paragraph 52 of the First Amended Complaint, Defendant states that the allegations contained therein are not relevant based on the Court's April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent a response is required, Defendant denies the allegations contained in paragraph 52.

53.     Answering paragraph 53 of the First Amended Complaint, Defendant states that the allegations contained therein are not relevant based on the Court's April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent a response is required, Defendant denies the allegations contained in paragraph 53.

54.     Answering paragraph 54 of the First Amended Complaint, Defendant states that the allegations contained therein are not relevant based on the Court's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   April 13, 2020 Order granting Defendant's Motion to Dismiss in part. To the extent

2   a response is required, Defendant denies the allegations contained in paragraph 55.

3        55.     Answering paragraph 55 of the First Amended Complaint, Defendant

4   states that the allegations contained therein are not relevant based on the Court's

5   April 13, 2020 Order granting Defendant's Motion to Dismiss in part.  To the extent

6   a response is required, Defendant denies the allegations contained in paragraph 55.

7        56.     Answering paragraph 56 of the First Amended Complaint, Defendant

8   denies the allegations contained therein.

9        57.     Answering paragraph 57 of the First Amended Complaint, Defendant

10  denies the allegations contained therein.

11       58.     Answering paragraph 58 of the First Amended Complaint, Defendant

12  denies the allegations contained therein.

13       59.     Answering paragraph 59 of the First Amended Complaint, Defendant

14  denies the allegations contained therein.

15  **ALLEGATIONS RE DAMAGES**

16       60.     Answering paragraph 60 of the First Amended Complaint, Defendant

17  denies the allegations contained therein.

18       61.     Answering paragraph 61 of the First Amended Complaint, Defendant

19  denies the allegations contained therein.

20       62.     Answering paragraph 62 of the First Amended Complaint, Defendant

21  denies the allegations contained therein.

22       63.     Answering paragraph 63 of the First Amended Complaint, Defendant

23  denies the allegations contained therein.

24  **ALLEGATIONS RE EQUITABLE RELIEF**

25       64.     Answering paragraph 64 of the First Amended Complaint, Defendant

26  Plaintiffs are entitled to equitable relief or any other relief.

27  **PRAYER**

28       65.     Answering the Prayer in the First Amended Complaint, Defendant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-3857-4010.1

8

DEFENDANT LARRY ZERNER'S ANSWER TO FIRST AMENDED COMPLAINT

1  Plaintiffs are entitled to the requested relief or any other relief

2  **AFFIRMATIVE DEFENSES**

3        As and for affirmative defenses to the claims in the Complaint, and based on

4  the knowledge and information available to Defendant to date, Defendant is

5  informed and believes, and based thereon, alleges as separate and affirmative

6  defenses the following:

7  **<u>FIRST AFFIRMATIVE DEFENSE</u>**

8  **(Failure to State a Claim)**

9      1.    The First Amended Complaint fails to state facts sufficient to constitute

10  a claim for relief against Defendant.

11  **<u>SECOND AFFIRMATIVE DEFENSE</u>**

12  **(Laches)**

13      2.    Plaintiffs' claims and causes of action are barred by the doctrine of

14  laches.

15  **<u>THIRD AFFIRMATIVE DEFENSE</u>**

16  **(Waiver)**

17      3.    Plaintiffs' claims and causes of action are barred by the doctrine of

18  waiver.

19  **<u>FOURTH AFFIRMATIVE DEFENSE</u>**

20  **(Estoppel)**

21      4.    Plaintiffs' conduct precludes the granting of the relief sought under the

22  doctrine of estoppel.

23  **<u>FIFTH AFFIRMATIVE DEFENSE</u>**

24  **(Consent)**

25      5.    Plaintiffs' claims and causes of action are barred because Plaintiffs

26  consented to and/or ratified Defendant's acts or omissions, if any.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.   Plaintiffs' claims and causes of action are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification)

7.   Defendant's acts or omissions, if any, were justified.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

8.   Any and all actions by Defendant, and all obligations, if any, statutory or otherwise, concerning the facts as may be set forth in the First Amended Complaint, have been performed by Defendant in good faith. Further, Defendant's actions were taken without any knowledge of or consent to any and all facts as set forth in the First Amended Complaint which allegedly give rise to liability for damages. Therefore, Defendant is not liable for any damages, in any amount whatsoever, as alleged.

## NINETH AFFIRMATIVE DEFENSE

### (Defendant's Performance)

9.   Defendant fully, diligently, and competently performed his obligations within the scope of his retention, and exercised the requisite degree of care and skill throughout the course of such performance.

## TENTH AFFIRMATIVE DEFENSE

### (Impossibility of Performance)

10.   Defendant's performance, to the extent such performance is deemed required, was not possible due to natural occurrence(s), or by the conduct, actions, omissions, negligence, or intentional acts of those other than Defendant, over which Defendant had no authority or control, and for which Defendant is not responsible.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Capacity or Standing)

11.    Plaintiffs' claims in the instant action may be barred due to lack of standing or capacity.

## TWELFTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Causes)

12.    Plaintiffs' case is barred to the extent full responsibility for the control of the situation, threatened harm, injuries, and damages alleged, passed through a third person or persons whose acts or omissions resulted in a superseding and intervening cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

13.    Plaintiffs could have mitigated their damages but failed to make any reasonable efforts to do so, thereby barring, in whole or in part, the damages alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Third Party's Acts or Omissions)

14.    Plaintiffs' damages, if any, were caused, in whole or in part, and contributed to by the acts or omissions of a third party or parties, thus barring or diminishing any recovery against Defendant, who prays for judgment and declaration of indemnity and/or contribution against all other parties in accord with their apportionment of fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Conduct)

15.    Plaintiffs' damages, if any, were caused, in whole or in part, by reason of the fraud, acts or omissions, and/or wrongdoing committed by Plaintiffs in and about the matters complained of and not by reason of any acts or omissions on the part of Defendant, and therefore are barred and/or subject to reduction based on Plaintiffs' comparative or contributory fault.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

2

### (No Attorney Fees)

3    16.    The First Amended Complaint fails to state facts to constitute a claim

4    for attorney fees.

5

## <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

6

### (No Damages Loss or Damages)

7    17.    Defendant is informed and believes and on that basis alleges that the

8    First Amended Complaint, and each and every purported claim for relief thereof, is

9    barred (in whole or in part) because Plaintiffs have sustained no loss or damages for

10    which a reasonable opportunity for investigation or discovery is likely to provide

11    evidentiary support.

12

13

## <u>PRAYER FOR RELIEF</u>

14    WHEREFORE, Defendant respectfully requests that the Court enter judgment

15    as follows:

16        A.    That Plaintiffs take nothing by way of the First Amended

17    Complaint;

18        B.    That Defendant shall be awarded costs of suit; and

19        C.    For such further relief as the Court may deem appropriate.

20

21

## <u>DEMAND FOR JURY TRIAL</u>

22    Defendant hereby demands a trial by jury.

23    DATED: May 8, 2020            LEWIS BRISBOIS BISGAARD & SMITH LLP

24                        By:    /s/ Larissa G. Nefulda

25                            Kenneth C. Feldman

26                            Larissa G. Nefulda

27                            Attorneys for Defendant, LARRY
                            ZERNER

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW