UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:19-cv-08185-MCS-MAR | Date April 16, 2021 |
| Title *Heldman v. Zerner* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING SECOND STIPULATED APPLICATION TO MODIFY SCHEDULING ORDER (ECF NO. 40)**

The parties stipulate to an eight-month continuance of trial and pretrial dates and deadlines. (Stip., ECF No. 40.) The Court denies the stipulation.

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); accord Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

A court may extend a deadline after its expiration for good cause if a party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether neglect is excusable, courts consider (1) the danger of prejudice to the

opposing parties; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief; and (4) whether that party acted in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Inadvertence, ignorance of the rules, or mistakes construing the rules generally are not considered excusable. *Pioneer*, 507 U.S. at 392.

The parties articulate several causes animating their stipulation: counsel's health issues, counsel's responsibilities in another case, discovery delays, and the pandemic. The parties knew of the discovery issues, counsel's responsibilities in the other case, and difficulties arising from the pandemic over five months ago, when they requested, and the Court granted, a months-long continuance. (Westreich Decl. ¶¶ 12–22, ECF No. 36.) Nothing in the docket demonstrates that the parties presented any discovery disputes or difficult privilege issues to the Magistrate Judge for consideration. Although the Court sympathizes with counsel's personal health issues, counsel first suffered health problems in November 2020, months before the discovery and motion period concluded. (Westreich Decl. ¶¶ 20–28, ECF No. 40-1.) The stipulation presents no explanation why the parties delayed months to seek relief if the parties knew months ago that counsel's health was likely to impose significant delays in the litigation of this action. More broadly, the parties articulate no excuse for making their request for an eight-month continuance after all deadlines (except those immediately preceding trial) have elapsed.

Because the parties present no excusable neglect for failing to complete discovery and motion practice in the time provided, the Court declines to revive any expired deadlines. Given that the period for motion practice and discovery has concluded, the Court finds no good cause to continue the trial, final pretrial conference, and trial filing deadlines. Jury trials are set to resume in the Western Division soon. *See* General Order No. 21-07. The parties should be prepared to try the case in June.

**IT IS SO ORDERED.**